UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DARNELL APPLING,

                   Petitioner,                            Case Number 23-10124

v.                                               Honorable David M. Lawson

HEIDI WASHINGTON,

                   Respondent.

_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLDING PETITION IN ABEYANCE

On January 17, 2023, the petitioner, Donald Darnell Appling, presently confined at the Central Michigan Correctional Facility in Saint Louis, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition included a request to stay the proceedings and hold the petition in abeyance so that he might return to state court to exhaust additional claims. The request for a stay is lawful and will be granted.

I.

The petitioner was convicted on a no-contest plea in the Ingham County, Michigan circuit court on one charge of first-degree criminal sexual conduct. The charge arose from an accusation by the petitioner's 16-year-old daughter that the petitioner pinned her down on a bed, strangled her, and sexually penetrated her. At his plea hearing, the petitioner told the trial court that he was coerced into his plea. He reiterated that claim at sentencing and sought to withdraw the plea. The trial court declined to rule on the requests to withdraw the plea and sentenced the petitioner to 8 to 12 years in prison. The petitioner appealed the conviction, arguing that he was entitled to withdraw the plea because he was not advised that lifetime registration as a sex offender was a consequence of the plea. He also argued on appeal that he was actually innocent of the crime of conviction and

that his plea was the result of the ineffective assistance of counsel and coercion.  On May 7, 2020, the conviction and sentence were affirmed by the Michigan Court of Appeals.  *People v. Appling*, No. 346906, 2020 WL 2296891, at *1 (Mich. Ct. App. May 7, 2020).  The Michigan Supreme Court denied the petitioner's application for leave to appeal on November 2, 2021.  *People v. Appling*, 508 Mich. 967, 965 N.W.2d 510 (2021).

The petitioner now asks the Court to stay the proceedings and hold the petition in abeyance so that he can return to state court to exhaust additional claims that (1) he had a due process right to withdraw his plea because he repeatedly asserted his innocence and his plea was the result of the ineffective assistance of counsel and coercion, and (2) he was entitled to withdraw the plea because the plea was entered in violation of his right to effective assistance of counsel.  Those claims were raised in the Michigan Court of Appeals, but they were not presented in the application for leave to appeal to the Michigan Supreme Court.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *See O'Sullivan*, 526 U.S. at 845, 847.  A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822

F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  A Michigan petitioner must present each ground to *both* Michigan appellate courts before seeking federal habeas corpus relief.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that her state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition.  *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court

remedies).  The court of appeals reiterated this point in its decision in *Cunningham v. Hudson*, 756

F.3d 486 (6th Cir. 2014):

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims
> are potentially meritorious, and there is no indication that the petitioner engaged in
> intentionally dilatory litigation tactics . . . the district court should stay, rather than
> dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528.
> This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining
> federal review of his claims outweighs the competing interests in finality and
> speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419
> (considering a mixed habeas petition and "not[ing] that Petitioner's claims,
> particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming
> Petitioner can show good cause for failing to present these claims to the state court
> in the first instance, we see no reason why the district court should not grant a 'stay
> and abeyance' while Petitioner exhausts in state court, should Petitioner opt against
> dismissing his unexhausted claims." (citation and footnotes omitted)).

756 F.3d at 486.

The Michigan Court Rules provide a process by which the petitioner may raise his

unexhausted claims.  The petitioner may file a motion for relief from judgment under subchapter

6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response

from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing

on the petitioner's claim.  The petitioner may appeal the trial court's disposition of his motion for

relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he

may thereafter file a petition for writ of *certiorari* in the United States Supreme Court.  To obtain

relief in state court, he will have to show cause for failing to raise the unexhausted claims on direct

review and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R.

6.508(D)(3).  However, he would have to make a similar showing here if the Court concluded that

there was no state remedy to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah

v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for

concern.  The Michigan Supreme Court denied the petitioner's application for leave to appeal on

November 2, 2021.  That decision became final on January 31, 2022, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired.  The one-year limitations period commenced on the following day, February 1, 2022.  *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions).  The petitioner filed the present petition, which incorporated his motion to stay and hold the petition in abeyance, on January 5, 2023, with only 26 days remaining before the limitations period ran out. If the Court were to dismiss the petition without prejudice, then any subsequently filed petition likely would be untimely by the time the state court proceedings on the new claims were concluded and the petitioner returned to this Court to pursue them.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims.  All of the claims raised in the original petition have been exhausted, but the new claims that the petitioner describes in his motion to stay have not.  The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009), and he may argue that he did not previously raise these claims in the state courts due to the ineffective assistance of trial and appellate counsel.  *Id.*, at 419, n.4 & 5.  It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Rhines*, 544 U.S. at 278.  Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, the Court will impose upon the petitioner time limits within which he must pursue post-conviction relief from the state courts.

*See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).  The petitioner promptly must initiate any further proceedings in the state courts, within 56 days after the entry of this order, and he must ask this Court to lift the stay within 56 days after exhausting his state court remedies.

The Court also will direct the Clerk of Court to correct the docket in this case to remove the Michigan Department of Corrections as a party and to substitute Warden Gary Miniard as the respondent, because the sole proper respondent in these proceedings is the current warden of the prison where the petitioner is incarcerated.  *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); see also Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254.

<div align="center">III.</div>

Accordingly, it is **ORDERED** that the petitioner's request to stay the proceedings and hold the petition in abeyance is **GRANTED**.  The proceedings on the petition for a writ of habeas corpus are **STAYED** until further order of the Court.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to his unexhausted claims, by properly submitting appropriate filings to the state court **on or before May 16, 2023**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within fifty-six (56) days after the conclusion of the state court proceedings.  If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within fifty-six (56) days thereafter.  If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same case number as appears on this order, properly identifying as the respondent the warden at the state institution where he is in custody.

It is further **ORDERED** that the Clerk of Court shall correct the docket to remove the Michigan Department of Corrections as a party and substitute Warden Gary Miniard as the sole respondent to the petition.

<div style="margin-left:50%">

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

</div>

Dated:   March 21, 2023